Andrea Wilson, )
Plaintiff, )
)                    No. 3:23-cv-174
v. )
)
Jennifer McCoy and )
The Law Office of Jennifer McCoy, a )
Professional Corporation, )
Defendants. )

---

**VERIFIED COMPLAINT FOR VIOLATIONS OF
12 C.F.R. § 1006.30 (REG F, 15 USC 1692G §809), 15 USC 1692K §807,
AND PUNITIVE DAMAGES PER TENN. CODE ANN. § 29-39-104**

---

**COMES NOW** Plaintiff, Andrea Wilson, by and through undersigned counsel, and pursuant to U.S.C. 1692K §807 and §809 and other authority, alleges as follows:

*Defendant is the worst kind of debt collector. She reports invalid and unverified debts on people's credit reports. She sends fraudulent demand letters out on Christmas Eve. When the recipient sends proof that the debt is not valid within 30 days of first contact, Defendant, with full knowledge that the person does not owe any debt to her client, doubles down and files a frivolous lawsuit against that person. Plaintiff prays This Court will sanction Jennifer McCoy and her law office to the fullest extent, and send a message that she can no longer collect debts in this manner.*

**The Parties**

1.      Plaintiff is a citizen and resident of Knox County, Tennessee.

2.      Defendant, The Law Office of Jennifer McCoy is a corporation that does business in Knox County, Tennessee.

3. Defendant, Jennifer McCoy is a licensed attorney in the state of Tennessee and owner of the Law Office of Jennifer McCoy.

4. Defendants are debt collectors that have been attempting to collect an alleged debt from Plaintiff.

**Jurisdiction and venue**

5. This action arises under and is brought pursuant to the Fair Debt Collection Practices Act. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conducts business within the Eastern District of Tennessee and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Tennessee.

7. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

**Statement of facts**

8. Plaintiff was formerly a tenant at Emerson Northshore Apartments in Knoxville, Tennessee.

9. Plaintiff made the decision to terminate her lease with Emerson Northshore Apartments in August of 2022 after making multiple requests for management to treat her apartment for a severe roach infestation that she had been experiencing for months.

10. On August 1, 2022, Defendant's attorney sent Emerson Northshore Apartments a 14 day notice pursuant to Tennessee Uniform Residential Landlord Tenant Act (URLTA) letter giving Emerson Northshore Apartments a 14-day notice of breach of lease and violation of the URLTA (Exhibit A).

11.    Emerson Northshore Apartments failed to remedy the breach within 14 days as required by the URLTA, and on August 27, 2022. Plaintiff then moved out of the premises, had it professionally cleaned, and provided Emerson Northshore Apartments that she was terminating the lease, and surrendering possession (Exhibit B).

12.    At the time that Plaintiff terminated her lease agreement with Emerson Northshore Apartments, she was up to date on rent payments and did not have any outstanding balance. Plaintiff did not owe, and still does not owe any amount to Emerson Northshore Apartments.

13.    On December 6, 2023, Defendant reported an invalid and fraudulent debt to the credit reporting agencies in violation of 15 USC 1692G §809 and 12 C.F.R. § 1006.30(a)(1) ("Reg F"). Defendant failed to contact Plaintiff prior to reporting information to credit reporting agencies.

14.    On or about January 3, 2023, nearly one month after Defendant fraudulently reported the invalid debt on Plaintiff's credit record, Plaintiff received a letter from Defendants (with no date on it) informing her that they were attempting to collect an alleged debt of $2,716.13 on behalf of Emerson Northshore Apartments (Exhibit C).

15.    The letter instructed Plaintiff that she had until January 23, 2023 to dispute the alleged debt. The letter informed her, as required by 15 USC 1692G §809, that if she did so, Defendants would "stop collection of any amount you dispute until we send you information that shows you owe the debt."

16.    Because 15 USC 1692G §809 requires disputes to be made by an accused debtor within 30 days, undersigned counsel believes this letter may have been sent on or about

December 24th. Undersigned counsel requests that this court take judicial notice that this date is Christmas Eve.

17.     On January 5, 2023, Plaintiff filed a lawsuit against Emerson Northshore Apartments in the amount of $5,534.67 plus attorneys fees for damages she sustained as the result of Emerson Northshore Apartments breach of lease agreement.  The damages include additional rents incurred in securing substitute housing for the term of the lease, damage to Plaintiff's property due to infestation of roaches from the apartment building, amounts paid to a pest control company, and money paid to a mover (Exhibit D).

18.     On January 17, 2023, Defendant retained undersigned counsel and paid the amount of $2,500 on January 22, 2023 for attorneys fees to bring this cause against Defendant (Exhibit E).

19.     On January 19, 2023, at 10AM, Plaintiff emailed Defendants at info@jennifermccoylaw.com, which was the email provided by Defendants in their letter sent out on Christmas Eve., and formally disputed the alleged debt and provided Defendants with documentation that she had terminated her lease for cause.  Attached to that email, Plaintiff provided proof to Defendant that there was no valid debt (Exhibit F).

20.     On the same day, January 19, 2023 at 2:05PM, about 4 hours later, with full knowledge of the invalidity of the debt, and in retaliation for Plaintiff's disputing the debt as allowed by law, Defendants filed a counterclaim on behalf of Emerson Northshore Apartments against Plaintiff for breach of contract, and damages in the amount of $2,716.07 (Exhibit G).

21.     The amount in the lawsuit filed by Plaintiff was a different amount than was provided in the collection letter that Defendant sent to Plaintiff, as shown in Exhibit C.  That amount was $2,716.13.

22.     Defendant in doing so failed to comply with the applicable sections of 15 USC 1692G §809 that require cessation of collection activity for 30 days in order to validate debts.

23.     Plaintiff has never received any correspondence from Plaintiff that the debt has or has not been verified by Defendant.

24.     As a result of the report of the alleged debt on her credit, Plaintiff's credit score dropped significantly, and her credit profile has been damaged.

**Count I: Violation of 12 C.F.R. § 1006.30(a)(1)**

25.     Pursuant to Reg F, 12 C.F.R. § 1006.30(a)(1), debt collectors must not furnish information about a debt to consumer reporting agencies before notifying the consumer of their collections efforts either directly or by mailing the consumer.

26.     Defendants first contacted Plaintiff on January 3, 2023, nearly a month after they reported the alleged debt on her credit report on December 6, 2022.

27.     Defendants actions also violated Reg F, 12 C.F.R. § 1006.30(a)(1) by failing to notify Plaintiff of their collection efforts before reporting the alleged debt on her credit report.

**Count II: Violations of 15 USC 1692G §809**

28.     Pursuant to 15 USC 1692G §809(a), debt collectors are required to send consumers written notice containing information regarding the amount of the alleged debt, the name of the creditor, a statement that unless the consumer disputes the debts it will be assumed to be valid, a a statement that if the consumer notifies the collectors within thirty days that the debt is disputes that that the collectors will obtain verification, and a statement that the if requested the collectors will provide the consumer with the name and address of the original creditor if different from the current creditors.

29.    15 USC 1692G §809(b) provides procedures for if the consumer disputes the debts within the thirty day period:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. [Emphasis added]** Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

30.    Defendants received notice that the alleged debt was disputed on January 19, 2023 at 10:00 AM.

31.    Then, at 2:05 PM the same day, Defendants filed a lawsuit attempting to collect the alleged debt.

32.    To the date of this filing, Defendants continue to report the alleged debt on Plaintiff's credit report.

33.    To the date of this filing, Defendants have not provided Plaintiff with documentation verifying the alleged debts. Defendants cannot do so because the alleged debt is not legitimate.

34.    Defendants are in violation of 15 USC 1692G §809(b) due to their continued efforts to collect on the debts without following the required procedures.

**Count III: Violation of 15 USC 1692K §807(2)(A)**

35.    Defendants are debt collectors as defined by 15 USC § 1692(a)(6) of the Fair

Debt Collection Practices Act ( "FDCPA").

36.     Plaintiff does not owe any amount to Defendant's client, Emerson Northshore Apartments any amount.  To the contrary, Emerson Northshore Apartments owes Plaintiff for damages due to breach of the lease agreement by Emerson Northshore Apartments.

37.     Pursuant to 15 USC 1692K §807(2)(A), debt collectors are in violation of the FDCPA if they falsely represent, "the character, amount, or legal status of any debt."

38.     Defendant deliberately reported the invalid debt before she verified it or contacted Plaintiff as required and plead *supra*.

39.     Even after Defendant received proof of the invalidity of the debt from Plaintiff, Defendant failed to verify the alleged debt, and failed to research the validity of the alleged debt as required by statute and plead *supra*.

40.     Each and every of Defendant's collection demands to Plaintiff, and repeated intentionally false reporting of the invalid debt are a misrepresentation of the character and amount of the alleged debt.

41.     In addition, Defendant has provided two amounts that are allegedly owed by Plaintiff to Emerson Northshore Apartments.  In the first collection letter, that amount was $2,716.13.  And then in the lawsuit that amount was $2,716.07.  Assuming arguendo that Emerson Northshore Apartments' underlying claim for the debt owed is valid–and it is not valid–Defendant has misstated the amount of the alleged debt owed at least once.

42.     This also demonstrates Defendant's carelessness in collecting debts for clients. Proof that Defendant has no system in place to ensure that the debts collected are for the correct alleged amount, let alone valid debts in the first place.

43.     Pursuant to 15 USC 1692K §813(a)(1),(2)(A), and (2)(C), each Defendant is liable for actual damages, statutory damages of $1,000, reasonable attorneys fees, and court costs.

**COUNT VI  - ACTUAL DAMAGES**

44.     Plaintiff has suffered actual damages because of Defendant's actions.

45.     Plaintiff's credit has been damaged because of Defendant's repeated false reporting .

46.     Damage to credit, has been denied credit and quoted higher interest rates as the result of the collection activity including false reporting to credit agencies.

47.     Plaintiff will show evidence at trial of the lost value of her damaged credit, which is believed to be $40,000.

**COUNT VI  - PUNITIVE DAMAGES UNDER TENN. CODE ANN. § 29-39-104**

48.     Defendants, because of their status as debt collectors, are well aware of the rules regarding their conduct; despite this, they committed numerous violations and intentionally inflicted damage upon Plaintiff by severely affecting her credit rating.

49.     Defendant also harasses people who pay their bills and have good credit by sending out fraudulent collection demands on Christmas Eve.

50.     Because of Defendants intentional, reckless, and malicious conduct, Defendants must be made to pay punitive damages.

51.     Plaintiff's credit has been damaged in the amount of at least $40,000.

52.     Tenn. Code Ann. allows Plaintiff to recover either up to $500,000 in punitive damages or two times compensatory damages awarded.

53. In addition to the actual damages proven *supra*, Plaintiff seeks to recover $500,000 in punitive damages; or, in the alternative, two times their actual damages of at least $40,000 for a total of $80,000.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that:

54. This Court award Plaintiff actual damages in the amount of at least $40,000 for damage to Plaintiff's credit.

55. Pursuant to 15 USC 1692K §813(a)(1),(2)(A), and (2)(C), this Court award Plaintiff statutory damages in the amount of $1,000 for each Defendant, for a total of $2,000.

56. Pursuant to 15 USC 1692K §813(a) this Court award, reasonable attorneys fees, court costs, and costs of private process.

57. This Court award Plaintiff punitive damages in the amount of $500,000, or in the alternative, in the amount of $80,000.

58. Any additional relief this Court sees fair and just.

Respectfully submitted on this the 17th day of May, 2023.

**/s/ Bennett Hirschhorn**
**BENNETT HIRSCHHORN, ESQ (BPR #025937)**
Attorney for Plaintiff
800 South Gay Street, Suite 700
Knoxville, TN 37929

**VERIFICATION**

I, **Andrea Wilson,** state under penalty of perjury, according to law, hereby depose and state that the facts and statements contained in the foregoing Complaint are true and correct to the best of my knowledge and belief.


/s/Andrea Wilson    5/16/23
**Andrea Wilson**    Date


Sworn to and subscribed before me this the 16th day of May, 2023.


Notary Public

My Commission Expires:

CALEB PATRICK MOORE
STATE OF TENNESSEE
NOTARY PUBLIC
★ ★
COUNTY OF KNOX

My Commission Expires
Aug. 3, 2024

Aug 3rd, 2024

# EXHIBIT A

# LA

## LANDRY & AZEVEDO

### ATTORNEYS AT LAW

**DUSTIN R. LANDRY**
DUSTIN@LALAWKNOXVILLE.COM

**MARIO L. AZEVEDO II**
MARIO@LALAWKNOXVILLE.COM
RULE 31 LISTED FAMILY LAW MEDIATOR

**ABIGAIL E. RUIZ**
ABIGAIL@LALAWKNOXVILLE.COM

**REBECCA E. REFNER**
REBECCA@LALAWKNOXVILLE.COM

**KAYLOR R. HENSLEY**
KAYLOR@LALAWKNOXVILLE.COM
PRACTICE MANAGER

August 1, 2022

Emerson Northshore
c/o Brookside Properties, Inc.
2002 Richard Jones Road, Ste. 200-C
Nashville, TN 37215

*Via U.S. Certified Mail*

**Re:** Andrea Wilson (FKA Andrea Mosley) and Alexander Wilson
6017 Grace Lane, Apt. E.
**NOTICE OF BREACH OF LEASE AND VIOLATION OF URLTA**

To whom it may concern:

My firm has been retained by your tenant, Andrea Wilson, regarding an ongoing pest control problem she has had in her unit at Emerson Northshore. This letter serves as your **14-day notice** of breach of your lease agreement and violation of landlord tenant law and local health and housing codes which materially affect the health and safety of your tenants.

In early June, Ms. Wilson notified the appropriate individuals at Emerson about cockroaches in her unit. She was offered a monthly spray, and her unit was sprayed on June 15. The problem escalated, which is to be expected after an initial treatment. My client reached out again on July 8 to voice her concerns and was told that treatment for pests occurs on the third Wednesday of every month and that she was scheduled for July 20th. However, the entire month of July passed without another treatment. After waiting about a week, Ms. Wilson notified you of this in writing, and someone in your offices assured her that they would investigate and attempt to rectify the problem. Since then, she has not heard from anyone in your offices, and she is still killing cockroaches daily. It appears this is not a problem unique to her unit, as she has seen many roaches in the hallways and on the stairs of her building outside her unit.

Under Tenn. Code Ann. § 66-28-304(a), you are required to "comply with requirements of applicable building and housing codes materially affecting health and safety," "do whatever is necessary to put and keep the premises in a fit and habitable condition," and maintain clean and safe common areas. My client has kept her apartment clean and free of conditions that might encourage the presence of pests, as she is required to do by your lease agreement. In the "Utilities

# EXHIBIT B

Addendum" of your lease, you allocate funds from her rent to pest control, which is not occurring as promised. Further, the infestation of roaches creates a public health nuisance as defined under the Knox County Code of Ordinances, No. O-00-3-101, Sec. 38-201. By neglecting to treat the premises as promised to my client and as required to prevent infestation, you have rendered the premises unfit for habitation.

As cockroaches are known to transmit various diseases and create a known health and safety risk, my client wishes to terminate her lease agreement with you and vacate the premises. I respectfully request that she be permitted to do so without penalty, and that she be reimbursed for two months' rental payments for a total of $1,938.00, representing the rent paid for a unit that is uninhabitable. If you are not willing to grant these terms, and if the infestation is not remediated within 14 days of the date of this letter, my client reserves the right to terminate the lease agreement, vacate the premises, and pursue any damages she may have associated with your conduct. Please respond to this letter by contacting me within the 14-day period so that we may resolve this matter amicably without the need for the time, stress, and uncertainty of litigation. I look forward to hearing from you.

Sincerely,

Rebecca E. Refner
rebecca@lalawknoxville.com

CC: File
Emerson Northshore Leasing Office
6017 Grace Lane
Knoxville, TN 37919
*Via U.S. Certified Mail*

Andrea Wilson
*Via Email*

August 27, 2022

To whom it may concern:

As of today, August 27, 2022, I have officially vacated the premises of the apartment at 6017 Grace Lane Apt. E due to congoing pest issues that have not been resolved. The first written communication of these issues was sent on July 1, 2022. In addition, I have notified the rental office in person, via phone, and in writing on numerous occasions from July 1-August 1.

I am vacating because of your breach of my lease and the law that requires you to keep my apartment and common areas in a habitable condition. The presence of insects and roaches poses a health and safety risk as they are known to trigger asthma and allergy symptoms in patients like myself who have been diagnosed with asthma.

I have left the apartment in great conditions as it was professionally cleaned on August 26, 2022. I have also turned in my keys to the rental office on August 27, 2022.

I can be reached at 615-681-5075 or andrea.wilson@memphistr.org if you have any further questions.

Thanks,

Andrea Wilson B.K.A Andrea Mosley

* This packet was sent to Brookside & Emerson via Certified mail & arrived 8/30/2022

# EXHIBIT C

The Law Office of Jennifer McCoy, PC
P.O. Box 140450
Nashville, TN 37214
(615) 795-0288 from 8am to 5pm CST, Mon-Fri
www.jennifermccoylaw.com

*(Received on Jan. 3, 2023)*

To: Alexander Wilson & Andrea Mosely
2419 E GLENWOOD AVE

Knoxville, TN 37917

**Reference: 2022-20043**

**The Law Office of Jennifer McCoy is a debt collector.** We are trying to collect a debt that you owe to Emerson Northshore. We will use any information you give us to help collect the debt.

## Our information shows:

You had a debt with Emerson Northshore.

| | |
|---|---|
| As of 8/30/2022, you owed: | $2,037.10 |
| Between 8/30/2022 and today: | |
| You were charged this amount in interest: | + $0.00 |
| You were charged this amount in fees: | + $679.03 |
| You paid or were credited this amounttoward the debt: | – $0.00 |
| **Total amount of the debt now:** | **$2,716.13** |

## How can you dispute the debt?

· **Call or write to us by 1/23/2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

· **If you write to us by 1/23/2023,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at info@jennifermccoylaw.com.

## What else can you do?

· **Write to request the name and address of the original creditor, if different from the current creditor.** If you write by 1/23/2023, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at info@jennifermccoylaw.com.

· **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

· Contact us about your payment options.

· Póngase en contacto con nosotros para solicitar una copia de este formulario en español.

<u>Notice</u>: **See reverse side for important information.**

# EXHIBIT D

# CIVIL SUMMONS

**Knox**

**DOCKET NUMBER** 5-4504 K

STATE OF TENNESSEE, COUNTY OF KNOX, FIFTH (5TH) SESSIONS COURT

Any Lawful Officer to Execute and Return: Summon Emerson Northshore Apartments to appear before the General Sessions Court of Knox County, Tennessee, on the 1st day of February 2023 at 9:00 a.m. then and there to answer in a civil action brought by: Knox TN

Plaintiff Name & Address Andrea Wilson, 2419 E.Glenwood Ave, 615-681-5075 for Breach of lease, uninhabitable living conditions, Rent amount, cost of shelter, cost of attorney, pest control services
under $ $ 5534.67

The Old Courthouse, 300 Main Street, Room 331, Knoxville, TN 37902 (P)865-215-2518

**Andrea Wilson**

vs.          Plaintiff(s)

Emerson Northshore Apartments

Defendant

501 Longview Rd Knoxville, TN 37919

Address

Vittatoe

Defendant

Address

145932

Defendant

Address

## JUDGMENT

Judgment for _____ against _____ for $ _____
plus interest at the rate of _____ % and cost of suit, for which execution may issue.

Judgment entered by:   Default ☐     Agreement ☐     Trial ☐

Dismissed:   Without prejudice ☐     With prejudice ☐

Cost taxed to:   Plaintiff ☐     Defendant ☐

Defendant(s) _____ in Court and admitted to jurisdiction of Court. This the _____ day of _____, 20____.

_____ Judge, Div._____

## ORDER

_____
_____
_____

This the _____ day of _____, 20___
_____ Judge, Div.

## CIVIL WARRANT
### Court of General Sessions Civil Division
**Clerk: CHARLES D. SUSANO III**

By _____ Deputy Clerk

Issued 1/5 , 20 23

Set for February 1 2023 at 9:00 a.m.

Reset for _____

_____
_____

Served upon:
   All Named Defendants

   All Defendants Except:
Emerson Northshore Apartments

Date Served January 12, 2023

Served by: R/Vittatoe B2571 KCSO
Vittatoe

Attorney for Plaintiff: _____
Telephone _____
Attorney for Defendant: _____
Telephone _____

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you hereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do no understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.



**ADA**
**FOR ASSISTANCE CALL**
**865 / 215-3641**
Elizabeth.Golem@knoxcounty.org

## AFFIDAVIT

To the best of my information and belief, after investigation of Defendant's employment, I hereby make affidavit that the Defendant is/is not a member of a military service.

_____

**ATTORNEY FOR PLAINTIFF OR PLAINTIFF**

**SWORN TO AND SUBSCRIBED BEFORE ME**
This _____ day of _____, 20_____.

_____

Notary Public.

My term expires: _____

### **NOTICE**
The American with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to qualified individuals with disabilities.

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

Knox County Human Resources Office
City-County Building
400 Main Street, Suite 360
Knoxville, Tennessee 37902
Voice Phone: 865-215-2321 TTY: 865-215-2497

The Tennessee Judicial Branch Americans with Disabilities Act Regarding Access to Judicial Programs, as Well as a Request for Modification form may be found online at www.tsc.state.tn.us.

## APPEAL

From the judgment on the reverse hereof, the _____ prayed an appeal, with notice filed _____, _____, 20_____.

To the Circuit Court which is granted upon Pauper's Oath or Appeal Bond.

This _____ day of
_____,
20_____.

_____

**Judge of the Court of General Sessions**

**Division No** _____

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written Request for Modification to the Local Judicial Program ADA Coordinator at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator. http://www.tsc.state.tn.us

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

Pamela Taylor, Manager/Coordinator
STATE Judicial ADA Program
Administrative Office of the Courts
Nashville City Center, Suite 600, 511 Union Street
Nashville, Tennessee 37219
615-741-2687      Fax: 615-741-6285

# EXHIBIT E

# INVOICE

**BENNETT HIRSCHHORN**
ATTORNEY AT LAW

**Bennett Hirschhorn, Esq**
800 S. Gay Street
Suite 700
Knoxville, Tennessee 37929
United States

Phone: 865-999-4486
Fax: 866-209-3565
bennetthirschhorn.com

**BILL TO**
**Andrea Wilson**
2419 E Glenwood Ave
Knoxville,  37917

6156815075
andrea.wilson@memphistr.org

**Invoice Number:** 61836

**Invoice Date:** January 17, 2023

**Payment Due:** January 17, 2023

**Amount Due (USD):** **$0.00**

| Items | Quantity | Price | Amount |
|---|---|---|---|
| **Attorney's Fees Retainer**<br>Non-refundable flat-rate for legal representation, up to 10 hours of work.<br><br>Scope of work:<br><br>File additional claim against Jennifer McCoy for FDCPA violation, and try case against landlord for violations of the lease and URLTA.<br><br>Client has damages staying at Air BnB, loss of appliances, and increased housing expense for duration of lease.<br><br>Includes negotiation and trial.  Does not include appeal.<br><br>Additional hours (for additional scope) will be billed at $350 per hour.  Client agrees to pay costs when due.<br><br>Client agrees that attorney will not try case until full invoice and cost of amending lawsuit are paid. | 1 | $2,500.00 | $2,500.00 |

| | |
|---|---|
| **Total:** | $2,500.00 |
| Payment on January 19, 2023 using a bank payment: | $500.00 |
| Payment on January 22, 2023 using a bank payment: | $2,000.00 |
| **Amount Due (USD):** | **$0.00** |

# EXHIBIT F

**From:** **Andrea Wilson** andrea.wilson@memphistr.org 
**Subject:** Fwd: Debt Dispute
**Date:** February 24, 2023 at 4:00 PM
**To:** Bennett bennett@hirschhorn.com

---------- Forwarded message ---------
From: **Andrea Wilson** <andrea.wilson@memphistr.org>
Date: Thu, Jan 19, 2023 at 10:00 AM
Subject: Debt Dispute
To: <info@jennifermccoylaw.com>

Good afternoon,
I am writing in regard to the debt collection letter that was sent to me regarding my recent lease at Emerson Northshore apartments.

I would like to formally dispute this debt collection claim because I followed the proper legal requirements to end the lease early if the landlord breached the rental agreement. Written and verbal documentation and communication were already provided concerning this matter.

I am attaching some copies of the documentation here:

Best,
Andrea Mosley/ Andrea Wilson





Online Contact Form Submission
Date: Fri, Jul 01, 2022 10:19 PM EDT

**Contact Information**

| | |
|---|---|
| **Name:** | Andrea Mosley |
| **Email:** | andrea.wilson@memphistr.org |
| **Phone:** | +1 6156815075 |
| **Secondary Phone:** | |
| **Office Phone:** | |
| **Mobile Phone:** | |
| **Property Name:** | Emerson Northshore |
| **Building:** | |
| **Unit:** | 6017E |
| **Subject:** | Pest Issue |
| **Contact Reason:** | Complaint |
| **How Would You Like Us To Respond?** | Phone |
| **Message:** | I have communicated on 2 separate occasions over the past month alone, and I attempted to communicate this evening as well concerning the ongoing pest issue in my unit. This has been an ongoing issue since we moved in 2020. At that time, we had our unit sprayed on numerous occasions, pest control came out and laid traps, and potential openings where pests could be coming in were repaired. For a time, it seemed that this issue had been resolved. However, in the past 30 days, I have killed no less than 16 roaches in my apartment unit. Today alone, I killed 3 and spotted 2 more that I could not kill. Additionally, there was a large roach in the hall of my unit this morning, which my neighbor killed and left smushed in the hall. It has even been difficult to sleep in my bedroom because I could hear a large roach on the wall in my room. Also, I often see 2-3 roaches on the sidewalk and steps of my building at night These are abhorrent and unliveable conditions. |

# EXHIBIT G

**CIVIL SUMMONS**

K. Sudman

DOCKET NUMBER 54504K Counterclaim

**STATE OF TENNESSEE, COUNTY OF KNOX, FIFTH (5TH) SESSIONS COURT**

To Any Lawful Officer to Execute and Return: Summon Andrea Wilson

Andrea Wilson

To appear before the General Sessions Court of Knox County, Tennessee, on the 1st day of February, 2023, at 9:00 a.m. then and there to answer in a civil action brought by:

3419 E Glenwood Ave Knoxville 3791F

vs. Plaintiff(s)

Defendant

Plaintiff Name & Address Emerson Northshore Apts

For Breach of contract

Under $ 2716.07 plus Costs & post Jnt Interest

**The Old Courthouse, 300 Main Street, Room 331, Knoxville, TN 37902 (P)865-215-2518**

Address

Emerson Northshore Apts

Defendant

501 Longview Rd Knoxville 37919

Address

**JUDGMENT**

Judgment for _____ against _____ for $ _____

Plus interest at the rate of _____% and cost of suit, for which execution may issue.

Defendant

Address

Judgment entered by:   Default ☐    Agreement ☐    Trial ☐

**CIVIL WARRANT**
**Court of General Sessions Civil Division**
**Clerk: CHARLES D. SUSANO III**

Dismissed:      Without prejudice ☐    With prejudice ☐

By _____ Deputy Clerk

Cost taxed to:      Plaintiff ☐         Defendant ☐

Issued _____ 1/19 _____, 20 23

Set for 2-1-23 _____ at 9:00 a.m.

Defendant(s) _____ in Court and admitted to jurisdiction of court.  This the _____ day of _____, 20____.

Reset for _____

_____ Judge, Div. _____

Served upon:  Plaintiff

~~All Named Defendants~~

~~All Defendants Except:~~ Kara Sudman

Served, but has covid 19.

3849 TUCKALEECHEE PIKE
MARYVILLE, TN 37804
(865) 440-6199

**ORDER**

_____

_____

_____

Date Served 1-19 20 23

This the _____ day of _____, 20 ____

Served by: Toni Sudman 369

Judge, Div. _____

Attorney for Plaintiff: _____

Telephone _____

Attorney for Defendant Jennifer McCoy

Telephone 615-500-8577

# NOTICE

**TO THE DEFENDANT(S):**
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do no understand
Your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# AFFIDAVIT

To the best of my information and belief, after investigation of Defendant's employment, I hereby make affidavit that the Defendant is/is not a member of a military service.

**ATTORNEY FOR PLAINTIFF OR PLAINTIFF**

SWORN TO AND SUBSCRIBED BEFORE ME
This _____ day of _____
20____.

Notary Public.

My term expires: _____

## **NOTICE**

The American with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to qualified individuals with disabilities.

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

**Knox County Human Resources Office**
**City-County Building**
**400 Main Street, Suite 360**
**Knoxville, Tennessee 37902**
**Voice Phone: 865-215-2321 TTY: 865-215-2497**

The Tennessee Judicial Branch Americans with Disabilities Act Regarding Access to Judicial Programs, as Well as a Request for Modification form may be found online at www.tsc.state.tn.us.

# APPEAL

From the judgment on the reverse hereof, the
_____
prayed an appeal, with notice filed
_____, ____, 20____.

To the Circuit Court which is granted upon Pauper's Oath or Appeal Bond.

This _____ day of
_____,
20_____.

_____

**Judge of the Court of General Sessions**

**Division No** _____

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written Request for Modification to the Local Judicial Program ADA Coordinator at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator. http://www.tsc.state.tn.us

If you need assistance or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

**Pamela Taylor, Manager/Coordinator**
**STATE Judicial ADA Program**
**Administrative Office of the Courts**
**Nashville City Center, Suite 600, 511 Union Street**
**Nashville, Tennessee 37219**
615-741-2687   Fax 615-741-6285



**FOR ASSISTANCE CALL**
**865 / 215-3641**
Elizabeth.Golem@knoxcounty.org

## CERTIFICATE OF SERVICE

I certify that emailed a true and correct copy of this paper to the person listed below at the

address below:

**Jennifer McCoy**
**Defendant**
**328 Riverstone Blvd**
**Nashville, TN, 37214**

**The Law Office of Jennifer McCoy, a Professional Corporation**
**Defendant**
**4636 Lebanon Pike Ste. 315**
**Hermitage, TN 37076**

This the 17th day of May, 2023.

**/s/ BENNETT HIRSCHHORN, ESQ.** (BPR #025937)